1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   CHRIS R. LONGHURST,                No. 2:11-cv-02604-MCE-CMK

12          Plaintiff,

13      v.                             <u>MEMORANDUM AND ORDER</u>

14   JP MORGAN CHASE BANK, N.A.;
     and DOES 1 through 50,
15   inclusive,

16          Defendants.

17                    ----oo0oo----

18      Plaintiff Chris R. Longhurst ("Plaintiff") brings this

19   action against Defendant JP Morgan Chase Bank ("Defendant")

20   seeking to recover for injuries Plaintiff sustained in connection

21   with Defendant's initiation of foreclosure proceedings as to

22   Plaintiff's residence.  Presently before the Court is Defendant's

23   Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") in

24   its entirety.  For the following reasons, Defendant's Motion is

25   GRANTED in part and DENIED in part.[1]

26

27      [1] Because oral argument will not be of material assistance,
     the Court ordered this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 230(g).

                              1

1

## BACKGROUND

2

3      In early 2006, Plaintiff obtained a loan for approximately
4 $286,700 to finance the purchase of a home.  Defendant's Request
5 for Judicial Notice("RJN"), Exh. 1.[2]  The loan was secured by a
6 Deed of Trust ("DOT"), which was recorded with the Shasta County
7 Recorder's Office on March 15, 2006.  Id.  The DOT identifies
8 Washington Mutual Bank, FA ("WAMU"), as the lender and
9 beneficiary, California Reconveyance Company ("CRC") as the
10 trustee, and Plaintiff as the borrower.  Id.
11      Plaintiff alleges that later, in May of 2006, Plaintiff's
12 loan was securitized into a pass-through trust, namely the WAMU
13 Mortgage Pass Through Certificate Series 2006-PR3 ("Trust").
14 FAC, ¶ 46.  Subsequently, in September of 2008, Defendant
15 acquired certain assets and liabilities of WAMU from the Federal
16 Deposit Insurance Corporation ("FDIC"), which was acting as
17 receiver for WAMU, via a Purchase and Assumption Agreement
18 ("Purchase Agreement").  RJN, Ex. 2.  Defendant later assigned
19 all beneficial interest in the DOT to Wells Fargo, N.A. ("Wells
20 Fargo"), as Trustee for the Trust.  FAC, Exhs. B, C.  Defendant
21 remained the servicer on the loan as well as agent to the
22 beneficiary Wells Fargo.
23 ///

24

25      [2] To the extent documents submitted by Defendant via its RJN
26 are relied on within this Order, that Request is GRANTED.  See
Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments
27 whose contents are alleged in a complaint and whose authenticity
no party questions, but which are not physically attached to the
28 pleading, may be considered in ruling on a Rule 12(b)(6) motion
to dismiss.").

1    Plaintiff eventually defaulted on his loan, and, on May 10,
2  2011, CRC, as trustee, issued a Notice of Default and Election to
3  Sell Under Deed of Trust ("NOD"), which was later recorded in the
4  Shasta County Recorder's Office.  FAC, ¶ 43, Ex. A.  The NOD
5  indicated Defendant was the entity to contact to arrange payment
6  to avoid foreclosure.  Id.  Attached to that NOD is a declaration
7  by which Defendant swears "that the mortgagee, beneficiary, or
8  authorized agent tried with due diligence but was unable to
9  contact the borrower to discuss the borrower's financial
10 situation and to explore options for the borrower to avoid
11 foreclosure...."  Id.  According to Plaintiff, however, that
12 declaration is false, and "[p]rior to 30 days before the NOD was
13 filed, Plaintiff was not contacted in person or by telephone by
14 anyone claiming to be a mortgagee, beneficiary, or authorized
15 agent, in compliance with [California Civil Code § 2923.5], in
16 order to: (a) Assess Plaintiff's financial situation; (b) Explore
17 with Plaintiff options to avoid foreclosure; and (c) Provide the
18 toll-free telephone number made available by the United States
19 Department of Housing and Urban Development (HUD) to find a HUD-
20 certified housing counseling agency."  Id., ¶ 21.

21    In August of 2011, and again the next month, "Notices of
22 Trustee's Sales" were recorded and a trustee's sale as to
23 Plaintiff's property was set for October 6th, 2011.  Id., Ex. D.
24 Accordingly, on October 3, 2011, Plaintiff filed his original
25 Complaint in this action attempting to stay the impending sale.
26 Plaintiff thereafter filed his operative FAC, in response to
27 which Defendant filed its instant Motion.  Defendant's Motion is
28 now GRANTED in part and DENIED in part.

1

**STANDARD**

2

3      On a motion to dismiss for failure to state a claim under

4  Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of

5  material fact must be accepted as true and construed in the light

6  most favorable to the nonmoving party.  Cahill v. Liberty Mut.

7  Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2)

8  "requires only 'a short and plain statement of the claim showing

9  that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the...claim is and the grounds upon

11  which it rests.'"  Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 555

12  (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A

13  complaint attacked by a Rule 12(b)(6) motion to dismiss does not

14  require detailed factual allegations.  Id.  However, "a

15  plaintiff's obligation to provide the grounds of his entitlement

16  to relief requires more than labels and conclusions, and a

17  formulaic recitation of the elements of a cause of action will

18  not do."  Id.  (internal citations and quotations omitted).  A

19  court is not required to accept as true a "legal conclusion

20  couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S.

21  662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  The Court

22  also is not required "to accept as true allegations that are

23  merely conclusory, unwarranted deductions of fact, or

24  unreasonable inferences."  In re Gilead Sciences Sec. Litig.,

25  536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and

26  quotations omitted).

27

28      [3] All further references to "Rule" or "Rules" are to the
Federal Rules of Civil Procedure unless otherwise noted.

1  "Factual allegations must be enough to raise a right to relief
2  above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

3      Furthermore, "Rule 8(a)(2)...requires a 'showing,' rather
4  than a blanket assertion, of entitlement to relief." <u>Twombly</u>,
5  550 U.S. at 556 n.3 (internal citations and quotations omitted).
6  "Without some factual allegation in the complaint, it is hard to
7  see how a claimant could satisfy the requirements of providing
8  not only 'fair notice' of the nature of the claim, but also
9  'grounds' on which the claim rests." <u>Id.</u> (citation omitted).  A
10 pleading must contain "only enough facts to state a claim to
11 relief that is plausible on its face." <u>Id.</u> at 570.  If the
12 "plaintiffs...have not nudged their claims across the line from
13 conceivable to plausible, their complaint must be dismissed."
14 <u>Id.</u>  However, "a well-pleaded complaint may proceed even if it
15 strikes a savvy judge that actual proof of those facts is
16 improbable, and 'that a recovery is very remote and unlikely.'"
17 <u>Id.</u> at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

18     A court granting a motion to dismiss a complaint must then
19 decide whether to grant a leave to amend.  Leave to amend should
20 be "freely given" where there is no "undue delay, bad faith or
21 dilatory motive on the part of the movant,...undue prejudice to
22 the opposing party by virtue of allowance of the amendment, [or]
23 futility of the amendment...." <u>Foman v. Davis</u>, 371 U.S. 178, 182
24 (1962); <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048,
25 1052 (9th Cir. 2003) (listing the <u>Foman</u> factors as those to be
26 considered when deciding whether to grant leave to amend).
27 Dismissal without leave to amend is proper only if it is clear
28 that "the complaint could not be saved by any amendment."

1  <u>Intri-Plex Techs., Inc. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1056

2  (9th Cir. 2007) (internal citations and quotations omitted).

3

4  **ANALYSIS**

5

6  In his FAC, Plaintiff alleges three causes of action against

7  Defendant: 1) violation of California Civil Code § 2923.5 for

8  failure to properly contact or attempt with due diligence to

9  contact the borrower prior to filing an NOD; 2) violation of

10  Civil Code § 2924 for wrongful issuance of NOD and Notice of

11  Trustee's Sale; and 3) declaratory and injunctive relief.

12  Defendant moves to dismiss each of these claims.  For the reasons

13  that follow, Defendant's Motion is DENIED as to Plaintiff's first

14  cause of action and GRANTED with leave to amend as to Plaintiff's

15  second and third causes of action.

16

17  **A.   Defendant's Motion to Dismiss Plaintiff's First Cause**
   **of Action for Violation of California Civil Code §**
18  **2923.5.**

19

20  Defendant moves to dismiss Plaintiff's first cause of action

21  for violation of California Civil Code § 2923.5 because,

22  according to Defendant, the NOD itself demonstrates Defendant

23  complied with that section.  Pursuant to § 2923.5, "[a]

24  mortgagee, beneficiary, or authorized agent [must] contact the

25  borrower in person or by telephone in order to assess the

26  borrower's financial situation and explore options for the

27  borrower to avoid foreclosure."  Cal. Civ. Code § 2923.5(a)(2).

28  ///

6

1  "Failure to comply with this subsection is excused if the

2  borrower could not be reached despite 'due diligence,' as defined

3  in the statute." <u>Argueta v. J.P. Morgan Chase</u>, 787 F. Supp. 2d

4  1099, 1107 (E.D. Cal. 2011) (citing Cal. Civ. Code § 2923.5(g)).

5  "A mortgagee or beneficiary has satisfied the due diligence

6  requirement if it was not able to contact the borrower after

7  (1) mailing a letter containing certain information; (2) then

8  calling the borrower 'by telephone at least three times at

9  different hours and on different days'; (3) mailing a certified

10 letter, with return receipt requested, if the borrower does not

11 call back within two weeks; (4) providing a telephone number to a

12 live representative during business hours; and (5) posting a link

13 on the homepage of its Internet Web site with certain

14 information." <u>Id.</u> (quoting Cal. Civ. Code § 2923.5(g)).  "A

15 notice of default may be filed only thirty days after the initial

16 contact with the borrower or satisfying the due diligence

17 requirements." <u>Id.</u>  "A notice of default must be accompanied by

18 a declaration stating that the buyer has been contacted or could

19 not be reached despite due diligence." <u>Id.</u>  Defendant thus

20 argues that its declaration, which is attached to the NOD and by

21 which Defendant attests to having complied with the statute, is

22 sufficient to justify dismissal here.  Defendant's argument is

23 rejected.

24      More specifically, Defendant contends that its own

25 declaration attesting to the fact that Defendant exercised due

26 diligence in attempting to contact Plaintiff is sufficient to

27 require dismissal of Plaintiff's instant claim.

28 ///

Plaintiff's allegations to the contrary, however, "are sufficient to defeat a motion to dismiss." Id. Indeed, Plaintiff alleges that, among other things, neither Defendant nor an agent of Defendant contacted Plaintiff as required by § 2923.5, FAC, ¶ 21-24, 26-29, Defendant's declaration attached to the NOD is false, id., ¶ 25, and "[a]t all times, Plaintiff was available to be contacted either in person or telephonically in order to assess their [sic] financial situation and explore options to avoid foreclosure," but "Defendants...refused and failed to engage in such a meeting," id., ¶ 32. These allegations are, in fact, more than sufficient to survive Defendant's instant Motion. See Argueta, 787 F. Supp. 2d at 1107; Caravantes v. Cal. Reconveyance Co., 2010 WL 4055560, at *8 (S.D. Cal. Oct. 14, 2010). Defendant's Motion to Dismiss Plaintiff's first cause of action for violation of Civil Code § 2923.5 is thus DENIED.

**B.    Defendant's Motion to Dismiss Plaintiff's Second Cause of Action for Wrongful Issuance of Notice of Default and Notice of Trustee's Sale in Violation of Civil Code § 2924.**

Defendant also seeks to dismiss Plaintiff's second cause of action for violation of California Civil Code § 2924. In a nutshell, Plaintiff contends that "[t]here is no document, recorded or otherwise that Defendant...is the agent of the current note holder, or agents [sic] of the true beneficiary of the [DOT], granting CRC the authority to, or directing CRC to, initiate foreclosure proceedings." FAC, ¶ 44.

///

///

1   In essence, Plaintiff contends that Defendant never acquired any
2   interest in Plaintiff's loan entitling Defendant itself to act
3   upon Plaintiff's default or to transfer any beneficial interest
4   to Wells Fargo.  The crux of Plaintiff's argument, then, is that
5   when his loan was securitized in 2006, WAMU was divested of all
6   interest therein such that WAMU had no interest to transfer to
7   Defendant via the 2008 Purchase Agreement.  However, "[t]he
8   argument that parties lose interest in a loan when it is assigned
9   to a trust pool has...been rejected by numerous district courts."
10  Lane v. Vitek Real Estate Industries Group, 713 F. Supp. 2d 1092,
11  1099 (E.D. Cal 2010); see also Benham v. Aurora Loan Services,
12  2009 WL 2880232 at *3 (N.D. Cal.) (holding that "[o]ther courts
13  in this district have summarily rejected the argument that
14  companies like MERS [and loan servicers] lose their power of sale
15  pursuant to the deed of trust when the original promissory note
16  is assigned to a trust pool").  Plaintiff's attempt to attack the
17  chain of title at the point his loan was securitized thus fails.
18      Plaintiff next argues that no recorded document indicates
19  Defendant is authorized to act on behalf of the current mortgagee
20  or beneficiary in foreclosing on Plaintiff's property.  First and
21  foremost, each of Plaintiff's conclusory allegations in this
22  regard is based on Plaintiff's flawed theory that the
23  securitization deprived WAMU of any interest it could transfer to
24  Defendant.  Accordingly, to the extent that argument failed
25  above, so does Plaintiff's cursory attack on Defendant's status
26  as servicer and agent to Wells Fargo.  See Caravantes, 2010 WL
27  4055560, *9 (S.D. Cal.) (servicer has authority to record NOD and
28  enforce power of sale under DOT).

1    Moreover, Plaintiff's allegations as to whether Defendant is
2    authorized to foreclose on beneficiary Wells Fargo's behalf
3    further fail because:

4        nowhere does the [non-judicial foreclosure] statute
         provide for a judicial action to determine whether the
5        person initiating the foreclosure process is indeed
         authorized, and we see no grounds for implying such an
6        action. [...] The recognition of the right to bring a
         lawsuit to determine a nominee's authorization to
7        proceed with the foreclosure on behalf of a noteholder
         would fundamentally undermine the nonjudicial nature of
8        the process and introduce the possibility of lawsuits
         filed solely for the purpose of delaying valid
9        foreclosure.

10   Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149,
11   1159 (2011).  Under Gomes, Plaintiff has therefore failed to
12   state a claim for violation of California Civil Code § 2924, and
13   Defendant's Motion to Dismiss Plaintiff's second cause of action
14   is GRANTED with leave to amend.

15

16        **C.   Defendant's Motion to Dismiss Plaintiff's Third Cause
17             of Action for Declaratory Relief.**

18        In his third cause of action, Plaintiff seeks to "have the
19   Court determine to whom Plaintiff owes an obligation."
20   Opposition, 7:4-5.  This cause of action is entirely derivative
21   of Plaintiff's second claim.  Given the Court's dismissal of that
22   second cause of action, there remains no case or controversy in
23   regards to which this Court can issue declaratory relief.  See
24   American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir.
25   1994).  Defendant's Motion to Dismiss Plaintiff's third cause of
26   action is thus GRANTED with leave to amend.
27   ///
28   ///

10

**CONCLUSION**

    For the reasons just stated, Defendants Motion to Dismiss is
DENIED as to Plaintiff's first cause of action and GRANTED with
leave to amend as to Plaintiff's second and third causes of
action.  Not later than twenty (20) days following the date this
Memorandum and Order is electronically filed, Plaintiff may (but
is not required to) file an amended complaint.  If no amended
complaint is filed within said twenty (20) day period, without
further notice to the parties, the causes of action dismissed by
virtue of this Memorandum and Order will be dismissed with
prejudice.

    IT IS SO ORDERED.


Dated: July 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11